# 24-3071

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

JACOB LIEDER,

*Plaintiff-Appellant,*

-against-

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, NEW YORK CITY DEPARTMENT OF PARKS AND
RECREATION,

*Defendants-Cross-Defendants-Appellees,*

LEWIS KAMMAN, BARBARA CENNAMO,

*Defendants-Cross-Claimants.*

On appeal from Order and Judgment of the U.S.
District Court for the Southern District of New York

## BRIEF FOR PLAINTIFF-APPELLANT
## & SPECIAL APPENDIX

THE STEINER LAW FIRM, PLLC
500 Executive Boulevard, Suite 302
Ossining, New York 10562
(914) 770-1000
norm@thesteinerlawfirm.com
*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ..................................................................ii

JURISDICTIONAL STATEMENT ...................................................... 1

STATEMENT OF ISSUES ................................................................. 1

STATEMENT OF FACTS .................................................................. 1

STATEMENT OF THE CASE ............................................................ 2

    A. The Motion for Summary Judgment ..................................... 2

    B. The Decision Granting Summary Judgment ......................... 4

SUMMARY OF THE ARGUMENT .................................................... 5

ARGUMENT...................................................................................... 9

    A. Standard of Review ............................................................. 9

    B. Summary Judgment Standard ............................................ 10

    C. The District Court erred when it granted summary judgment despite the existence of disputed issues of material fact. ....................................... 12

        1. Appellant's notice of claim identified the location of Appellant's injuries as 672 Eastern Parkway Brooklyn, New York. ............................................................. 12

        2. Disputed issues of material fact exist with respect to whether Appellee had prior written notice of defects to the sidewalk in front of 672 Eastern Parkway Brooklyn, New York........................ 20

CONCLUSION.................................................................................. 27

CERTIFICATE OF COMPLIANCE..................................................... 28

i

# TABLE OF AUTHORITIES

**CASES:**

*Aetna Life Ins. Co. v Big Y Foods, Inc.*, 52 F4th 66 [2d Cir 2022]............................ 11

*Alexander v City of New York*, 59 AD3d 650 [2d Dept 2009]................................... 23

*Amabile v City of Buffalo*, 93 NY2d 471 [1999] .......................................... 22

*Anderson v Liberty Lobby, Inc.*, 477 US 242 [1986]..................................... 11

*Arutyunov v City of New York*, 175 AD3d 1368 [2d Dept 2019] ................................ 23

*Bautista v New York City Hous. Auth.*, 223 AD3d 557 [1st Dept 2024] .................... 14

*Brandon v Royce*, 102 F4th 47 [2d Cir 2024]............................................ 10

*Brown v City of New York*, 95 NY2d 389 [2000] ........................... 8, 13, 14, 15, 16, 19

*Cassuto v City of New York*, 23 AD3d 423 [2d Dept 2005] ....................................... 24

*Celotex Corp. v Catrett*, 477 US 317 [1986] ................................................ 10

*Covington Specialty Ins. Co. v Indian Lookout Country Club, Inc.*, 62 F4th 748 [2d Cir 2023]........................................................................... 9

*Daniels v City of New York*, 91 AD3d 699 [2d Dept 2012] ....................................... 21

*D'Onofrio v City of New York*, 11 NY3d 581 [2008] ........................................... 23, 24

*Erie R. Co. v Tompkins*, 304 US 64 [1938] .................................................. 12

*Fed. Election Com'n. v Toledano*, 317 F3d 939 [9th Cir 2002] ................................. 10

*Gasperini v Ctr. for Humanities, Inc.*, 518 US 415 [1996] ......................................... 12

*Hernandez-Panell v City of New York*, 2022-09274, 2024 WL 4897590 [2d Dept Nov. 27, 2024] ................................................................... 13

*Horn v Med. Marijuana, Inc.*, 80 F4th 130 [2d Cir 2023]............................................ 9

*Kaytor v Electric Boat Corp.*, 609 F3d 537 [2d Cir 2010] ....................................... 11

*Kowalchuck v Metro. Transportation Auth.*, 94 F4th 210 [2d Cir 2024] ..................... 9

*Laing v City of New York*, 71 NY2d 912 [1988] ............................................ 22

*Leary v City of Rochester*, 67 NY2d 866 [1986] ........................................... 22

*McKinney v City of Middletown*, 49 F4th 730 [2d Cir 2022] ...................................... 10

*Moll v Telesector Resources Group, Inc.*, 94 F4th 218 [2d Cir 2024] ....................... 11

*Morales v Quintel Entertainment, Inc.*, 249 F3d 115 [2d Cir 2001] .......................... 11

*Poirier v City of Schenectady*, 85 NY2d 310 [1995].................................................... 22

*Purdy v City of New York*, 193 NY 521 [1908].............................................................. 13

*Reeves v Sanderson Plumbing Products, Inc.*, 530 US 133 [2000]............................ 12

*Roberts v Genting New York LLC*, 68 F4th 81 [2d Cir 2023] ................................ 8, 11

*Rupp v Buffalo*, 91 F4th 623 [2d Cir 2024] ................................................................... 12

*Salahuddin v Goord*, 467 F3d 263 [2d Cir 2006] ........................................................ 10

*Vasquez v City of New York*, 298 AD2d 187 [1st Dept 2002].................................... 23

*Weinreb v City of New York*, 193 AD2d 596 [2d Dept 1993] ............................. 23, 24

STATUTES:

28 U.S.C. §1291......................................................................................................... 1

28 U.S.C. §1332......................................................................................................... 1

General Municipal Law § 50-e ................................................. 5, 8, 12, 13, 16, 17

General Municipal Law § 50-h ............................................................................. 15

New York City, N.Y., Code § 7-201 ............................................................ 5, 21, 22

RULES:

Fed. Rule Civ. P. 56 .............................................................................................. 8, 10

## SPECIAL APPENDIX

Memorandum Decision and Order, Hon. Brian M. Cogan,
U.S.D.J. (Oct. 4, 2024) ............................................................... SpA1


Clerk's Judgment (Oct. 7, 2024) ............................................... SpA3

## JURISDICTIONAL STATEMENT

The District Court had jurisdiction pursuant to 28 U.S.C. §1332, which provides jurisdiction based upon diversity of citizenship when, as here, the amount in controversy exceeds $75,000.00. This Court has jurisdiction over the present appeal pursuant to 28 U.S.C. §1291 as this court has jurisdiction of appeals from all final decision of the district courts.

## STATEMENT OF ISSUES

**Whether the District Court erred when it granted Appellees' motion for summary judgment.**

## STATEMENT OF FACTS

By notice of claim dated March 15, 2022, and later by verified complaint dated June 21, 2022, Appellant alleged that on February 18, 2022, Appellant sustained severe personal injuries when he was "caused to trip and fall or otherwise lose his footing on a raised, uneven, defective, dangerous and/or broken sidewalk flag" on a sidewalk in front of 672 Eastern Parkway, Brooklyn, New York. (A 283.) Appellant further alleged that this condition was the product of Appellees' negligence. (A 283.)

Appellant testified that he had been walking from a synagogue located at 770 Eastern Parkway to his daughter's residence at 670 Eastern Parkway. (A 305-06.) Appellant testified that it was approximately 7:00 p.m. (A 294.) Appellant testified that in front of 672 Eastern Parkway, Appellant tripped while walking on the

1

sidewalk. (A 309.) Appellant testified that it was dark, and he did not see what caused him to trip. (A 309.) Appellant testified that his shoe hit something and then Appellant fell over. (A 310.) Appellant was unable to recall where in relation to 672 Eastern Parkway other than Appellant was in front of 672 Eastern Parkway when Appellant fell. (A 311.) Appellant testified that the following day Appellant surveilled the area where he had fallen and observed defects that were obvious to him. (A 313-14.)

## STATEMENT OF THE CASE

### A. The Motion for Summary Judgment

Appellees moved for summary judgment arguing that it had no prior written notice of the defect that was alleged to have caused Appellant's severe injuries. (A 58-65.) Appellees motion detailed a comprehensive search of municipal records that revealed a map provided to the New York Department of Transportation (hereafter Big Apple Map) by the Big Apple Pothole and Sidewalk Protection Corporation on November 14, 2003, depicting 672 Eastern Parkway where Appellant was injured. (A 246-50.) Appellees argued that this Big Apple Map did not demonstrate prior written notice because the map key did not include a symbol for a raised sidewalk flag running perpendicular to the sidewalk in front of 672 Eastern Parkway. (A 63-64.)

Appellant responded in opposition to Appellees' motion for summary judgment arguing that the Big Apple Map did demonstrate prior written notice of the defective condition 672 Eastern Parkway and, alternatively, that there is least a genuine dispute of material fact as to whether Appellees received prior written notice of the defective condition in front of 672 Eastern Parkway. (A 274-81.) Appellant's response incorporated the affirmation of Christopher Genovese (hereafter Genovese). (A 330-39.) Genovese is a manager with the Sanborn Map Company, which the Big Apple Maps, including the Big Apple Map at issue in this case. (A 330.) Genovese is familiar with the symbols the map creators use, and Genovese current job includes the responsibility for coming up and interpreting these map symbols. (A 330.) Genovese noted a line on the Big Apple Map beginning in front of 674 Eastern Parkway and extending "up to and slightly into the sidewalk of 672 Eastern Parkway." (A 331, 335.) Genovese noted that this line symbol denotes "raised or uneven portion of sidewalk" consistent with the key associated with the Big Apple Map. (A 331, 336.) Genovese noted that defects on Big Apple Maps are not marked to precise scale or at their precise locations and that when a defect displayed on a map extends from one property to an adjoining property, "it is more likely than not that the described and marked defect includes both circumstances . . ." (A 332.) Genovese opined that a reasonable interpretation of the defect marked on the Big Apple Map "is to include the entire uneven portion throughout the

3

sidewalk in front of 672 [Eastern Parkway] including the raised portion of Ex. 2."
(A 331-32.)

Appellees responded that Appellant is attempting to change the location of Appellant's injuries from "672 Eastern Parkway near 670 Eastern Parkway" to "between 674 and 672 Eastern Parkway." (A 341-42.) It appears from Appellees' reply that Appellee understands the location identified in Appellant's notice of claim and complaint was "672 Eastern Parkway" and that Appellee views the photograph exhibit appended to Appellant's notice of claim as limiting the locations to only a particular part of 672 Eastern Parkway even though the notice of claim and complaint contain no such limitation. (A 347-48.)

**B. The Decision Granting Summary Judgment**

The District Court granted summary judgment in favor of Appellees in a relatively brief decision reflecting the District Court's agreement with Appellees' analysis of the location Appellant set forth in its notice of claim. (A 364-65.) The District's ruling appears to reason that although Appellant (1) alleged by notice of claim and complaint an injury location of 672 Eastern Parkway; (2) testified that he was unsure what caused him to fall because it was night time; and (3) testified that he was unsure where in front of 672 Eastern Parkway he actually fell, there can be no dispute of material fact that the defect existed "in between 670 and 672 Eastern

Parkway" and that this unidentified defect ran "perpendicular" to the adjacent buildings. (A 364-65.)

## SUMMARY OF THE ARGUMENT

The District Court's erroneous grant of summary judgment flowed initially from its misunderstanding and misapplication of General Municipal Law § 50-e to Appellant's notice of claim. That misunderstanding and misapplication of law led the District Court to conclude that there was no genuine dispute of material fact as to whether Appellees had prior written notice of the defect at the location alleged in Appellant's notice of claim.

Appellees cannot be held liable for Appellant's injuries resulting from defects in a municipal sidewalk unless Appellees had prior written notice of that existence of that defect in that location. New York City, N.Y., Code § 7-201(c)(2). Whether Appellees had prior written notice of the alleged defect in the location Appellant alleged lies at the center of Appellees motion for summary judgment.

General Municipal Law § 50-e obligated Appellant to commence this case by filing a notice of claim identifying, among other things, the location where Appellant's claim arose.[1] Appellant would then be bound to those allegations throughout the litigation.

---

[1] The location where the claim arose is the only item required by General Municipal Law § 50-e relevant to this appeal.

5

Appellant did file a notice of claim alleging, among other things, that Appellant's claim arose on an "raised, uneven, defective, dangerous and/or broken sidewalk flag on the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York." (A 283.) Based upon that alleged location, the District Court should have analyzed whether Appellees had prior written notice of a defect affecting the sidewalk in front of 672 Eastern Parkway.

Rather than accepting the location *explicitly alleged in Appellant's notice of claim* as the location where Appellant's claim arose, the District Court construed the notice of claim in conjunction with other evidence to determine that Appellant has alleged a different location *not alleged in Appellant's notice of claim*.

Appellant's claim arose on the sidewalk in front of 672 Eastern Parkway. 672 Eastern Parkway is one location abutted on one side by 674 Eastern Parkway and abutted on the other by 670 Eastern Parkway. The District Court, at Appellees urging, decided to treat 672 Eastern Parkway as multiple locations comprised of the one side of 672 Eastern Parkway abutting 674 Eastern Parkway and the other side of 672 Eastern Parkway abutting 670 Eastern Parkway. Appellant's notice of claim did not allege either end of the sidewalk in front of 672 Eastern Parkway, but rather the entire sidewalk in front of 672 Eastern Parkway, but the District Court determined Appellant had alleged that its claim arose at or "between 670-672 Eastern Parkway" while finding that Appellee only had notice of a defect at or "between 672-

6

674 Eastern Parkway." The District Court then determined Appellant was bound to this location that it had not alleged and determined no dispute of material fact existed as to whether Appellee had prior written notice of a sidewalk defect in this unalleged location. In reality, at or "between 670-672 Eastern Parkway" and at or "between 672-674 Eastern Parkway" are both "in front of 672 Eastern Parkway, which was the location Appellant explicitly alleged in its notice of claim.

That is a confusing description of the District Court's rationale, but it is the decisions rationale. All that confusion could have been avoided if the District Court accepted that Appellant meant "on the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York" when Appellant explicitly (and repeatedly) said "on the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York" rather than some different location offered by Appellee in its motion for summary judgment.

Appellant's notice of claim alleged that Appellant had been seriously injured when he tripped and fell on a "raised, uneven, defective, dangerous and/or broken sidewalk flag on the sidewalk in front of 672 Eastern Parkway, Brooklyn, New York." (A 283.) The District Court's order conceded that Appellant had presented evidence that "arguably" established a defect on the sidewalk in from of 672 Eastern Parkway of which Appellees had prior written notice. (A 364). The District Court chose to construe the explicit written language of Appellant's notice of claim, indicating the location of Appellant's injuries as "on the sidewalk in front of 672

Eastern Parkway", to mean only that portion of the sidewalk in "between 670-672 Eastern Parkway" depicted in a photograph appended to Appellant's notice of claim. General Municipal Law § 50-e does not permit photographs appended to notices of claim to modify the descriptions contained in notices of claim in this way. *Brown v City of New York*, 95 NY2d 389, 393 [2000].

To determine what location Appellant had alleged its claim arose the District Court only needed to read Appellant's notice of claim. The District Court did not need to interpret evidence or draw inferences, but it did. Related to the District Court's misapplication of General Municipal Law § 50-e, the District Court misapplied Fed. Rule Civ. P. 56(c) and concluded that Appellant's notice of claim alleged injuries "at or between 670-672 Eastern Parkway" despite the explicit language of Appellant's notice of claim, the notice of claim's repeated reference to 672 Eastern Parkway generally, and the absence in the notice of claim of any reference to an area "between 670-672 Eastern Parkway." The District Court reached this conclusion by drawing inferences from the evidence, favorable to the moving party and unfavorable to the nonmoving party, at the urging of Appellees. Drawing inferences from the evidence in this manner is impermissible in the summary judgment context. *Roberts v Genting New York LLC*, 68 F4th 81, 88 [2d Cir 2023].

Finally, Appellant's expert witness who is a manager for the company that produces the Big Apple Maps that provided Appellee notice of the defects to the sidewalk on the Eastern Parkway testified that the symbols depicted on the Big Apple Map suggested more likely than not defects spanning the entire length of the sidewalk in front of 672 Eastern Parkway. The District Court did not confront this item of evidence which would have generated a disputed issue of material fact even after the District Court disregarded the location explicitly alleged in Appellant's notice of claim.

## ARGUMENT

### A. Standard of Review

This Court reviews a district court's decision granting summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing every possible reasonable inference in the non-moving party's favor. *Horn v Med. Marijuana, Inc.*, 80 F4th 130, 135 [2d Cir 2023] ("We review de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor.") (Quoting *Covington Specialty Ins. Co. v Indian Lookout Country Club, Inc.*, 62 F4th 748, 752 [2d Cir 2023]); *see also Kowalchuck v Metro. Transportation Auth.*, 94 F4th 210, 214 [2d Cir 2024].

9

**B. Summary Judgment Standard**

Summary judgment is appropriate only when a party can demonstrate an absence of disputed material facts. "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v Catrett*, 477 US 317, 322 [1986] (Quoting Fed Rules Civ Pro rule 56(c)).

The party moving for summary judgment bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief. *Brandon v Royce*, 102 F4th 47, 54 [2d Cir 2024] ("'The moving party bears the initial burden of showing why it is entitled to summary judgment.'") (Quoting *Salahuddin v Goord*, 467 F3d 263, 272 [2d Cir 2006]).

If that initial burden is met, the burden then shifts to the nonmoving party to demonstrate the existence of disputed material facts through the presentation of competent evidence. *McKinney v City of Middletown*, 49 F4th 730, 738 [2d Cir 2022] ("'[T]he party opposing summary judgment "must present competent evidence that creates a genuine issue of material fact."'") (Quoting *Fed. Election Com'n. v Toledano*, 317 F3d 939, 950 [9th Cir 2002]).

10

Material facts are those facts that could influence the outcome of a trial under the governing law. "A material fact is one that would 'affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Aetna Life Ins. Co. v Big Y Foods, Inc.*, 52 F4th 66, 72 [2d Cir 2022] (Quoting *Anderson v Liberty Lobby, Inc.*, 477 US 242, 248 [1986]).

A trial court considering a motion for summary judgment must draw all reasonable inference against the moving party and all reasonable inferences favorable to the non-moving party. *Roberts v Genting New York LLC*, 68 F4th 81, 88 [2d Cir 2023] ("[T]he court evaluates each party's motion 'on its own merits,' and 'all reasonable inferences" are drawn "against the party whose motion is under consideration.'") (Quoting *Morales v Quintel Entertainment, Inc.*, 249 F3d 115, 121 [2d Cir 2001]); *Moll v Telesector Resources Group, Inc.*, 94 F4th 218, 227 [2d Cir 2024] ("In so doing, it 'must draw all reasonable inferences in favor of the nonmoving party,' ... even though contrary inferences might reasonably be drawn.'") (Quoting *Kaytor v Electric Boat Corp.*, 609 F3d 537, 545 [2d Cir 2010]).

The trial court considering a motion for summary judgment must not engage in functions that are fundamentally the prerogative of a jury such as assessing witness credibility and weighing conflicting evidence. "In considering whether such a fact issue exists, the court is not to make credibility determinations or weigh the

11

evidence. 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Rupp v Buffalo*, 91 F4th 623, 634 [2d Cir 2024] (Quoting *Reeves v Sanderson Plumbing Products, Inc.*, 530 US 133, 150 [2000]).

**C. The District Court erred when it granted summary judgment despite the existence of disputed issues of material fact.**

New York law, as construed by the New York Court of Appeals, binds the Federal courts in diversity actions. *Gasperini v Ctr. for Humanities, Inc.*, 518 US 415, 427 [1996] ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State.") (Quoting *Erie R. Co. v Tompkins*, 304 US 64, 78 [1938]).

**1. Appellant's notice of claim identified the location of Appellant's injuries as 672 Eastern Parkway Brooklyn, New York.**

The District Court erroneously granted summary judgment based upon its misunderstanding of the location of injury Appellant identified in Appellant's notice of claim and the purposes of notices of claim under General Municipal Law § 50-e more generally.

> The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable . . .

12

General Municipal Law § 50-e (2). "The statute before us, reasonably construed, does not require those things to be stated with literal nicety or exactness, but it does require such a statement as will enable the municipal authorities to locate the place and fix the time of an accident. When a notice contains the information necessary for that purpose, it is a substantial compliance with the statute, but when it falls short of that test it is insufficient. *Purdy v City of New York*, 193 NY 521, 523-24 [1908].

"The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the municipal agency to investigate the allegations contained in the notice of claim. In determining whether there has been compliance with the requirements of General Municipal Law § 50-e (2), we must focus on whether, based on the claimant's description, the relevant municipal authorities can locate the place, fix the time, and understand the nature of the accident." *Canelos v City of New York*, 37 AD3d 637, 637-38 [2d Dept 2007]; *see also* "[I]n determining compliance with the requirements of General Municipal Law § 50–e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident" *Hernandez-Panell v City of New York*, 2022-09274, 2024 WL 4897590, at *1 [2d Dept Nov. 27, 2024] (Quoting *Brown v City of New York*, 95 NY2d 389, 393 [2000]). Unauthenticated photographs attached to a notice of claim do not augment, one way or another, the location description contained within a

13

notice of claim. *Bautista v New York City Hous. Auth.*, 223 AD3d 557, 558 [1st Dept 2024] ("The unauthenticated photographs petitioner attached to the notice of claim did not depict anything that would alert NYCHA to the correct location.").

*Brown v. City of New York* is analogous to this case. In *Brown*, the plaintiff served a notice of claim that stated:

> The accident occurred on December 2, 1993, at or about 11:00 a.m., when claimant sustained fractures to his right leg and ankle after tripping on a broken and defective portion of *sidewalk* and curb, located on West 33rd Street, approximately 65 feet and 7 inches south of the southwest corner of Mermaid Avenue and West 33rd Street, and 8 feet and 4 inches east from the lot line on the west side of West 33rd Street, in the County of Kings, City and State of New York. ... The defective area is approximately eight inches wide and approximately 2 inches deep

*Brown v City of New York*, 95 NY2d at 391. In addition to the written description contained within the plaintiff's notice of claim, the plaintiff attached three photographs:

> each containing a circle drawn around the curb that extended to include a small portion of the sidewalk--accompanied plaintiff's Notice of Claim, which additionally stated:

>> The photograph annexed hereto and designated as '1' depicts the location of the aforesaid defective sidewalk and curb in relation to the southwest corner of Mermaid Avenue and West 33rd Street. The photograph annexed hereto and designated as '2' depicts a closer view of the aforesaid defective sidewalk and curb. The photograph annexed hereto and designated as '3' depicts a close up view of the aforesaid defective sidewalk and curb.

*Brown v City of New York*, 95 NY2d at 391-92. At the General Municipal Law § 50-h hearing, "plaintiff testified that he fell after stepping on a broken sidewalk. At his deposition, and later at trial, plaintiff reconfirmed that he had never reached the curb and that he fell after he "stepped on [a] broken sidewalk." *Brown v City of New York*, 95 NY2d at 392. After a verdict was rendered in the plaintiff's favor, the City moved to set the verdict aside upon the basis that the notice of claim had been defective and the District Court agreed that "by circling the defective curb on each of the photographs and giving precise measurements, to the inch, of the defect's location and size, plaintiff [was] precluded from alleging at trial that it was a defective sidewalk rather than a defective curb that caused the accident." *Brown v City of New York*, 95 NY2d at 392. The District Court held that although the evidence presented at trial was consistent with the written description contained within the notice of claim, the attached photographs functioned to narrow the theories of liability available to the plaintiff and that plaintiff could only prevail on a theory consistent with the three photographs, of which there was insufficient evidence.

The New York Court of Appeals eventually agreed with the Brown plaintiff that trial court's approach perverted the purpose and rationale underlying the notice of claim requirement, which was "To enable authorities to investigate, collect evidence and evaluate the merit of a claim . . ." *Brown v City of New York*, 95 NY2d at 392.

15

> Reasonably read, the statute does not require those things to be stated with literal nicety or exactness. The test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the city to investigate. Nothing more may be required. Thus, in determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident

*Brown v City of New York*, 95 NY2d at 393. The New Court of Appeals emphasized that notices of claim must be *in writing* and *sworn to*, *see* General Municipal Law § 50-e, making the notice of claim itself, which is *in writing* and *sworn to*, a more appropriate focal point than any attached photographs:

> The City urges that, by circling the curb and not the immediately adjacent sidewalk, claimant rendered the Notice of Claim misleading because it "is not at all true that an examination of the curb ... would necessarily have revealed the sidewalk condition." To the contrary, plaintiff's Notice of Claim identified the accident site with particularity, fixing the location where he tripped "on a broken and defective portion of sidewalk and curb." Indeed, his Notice of Claim mentions a "defective sidewalk" not once but four times. Although the circles centered on the curb and included only a small portion of the sidewalk, claimant's repeated references to a "defective sidewalk" sufficiently put the City on notice that it was not only the curb but also the immediately adjacent sidewalk that caused his injuries, enabling timely investigation of his allegations.

*Brown v City of New York*, 95 NY2d at 393.

> Appellant's notice of claim alleged:

> The time, place and manner in which the claim arose is that on or about February 18, 2022, at approximately 7:00p.m., Claimant sustained severe and permanent injuries when he was caused to trip and fall or otherwise lose his footing on a raised, uneven, defective, dangerous

16

and/or broken sidewalk flag on the sidewalk in front of 672 Eastern Parkway, Brooklyn, NY. *See* photograph annexed hereto as Exhibit "1".

(A 283). The phrases "in front of 672 Eastern Parkway", "abutting 672 Eastern Parkway", and "abutting the premises of 672 Eastern Parkway" appear within the paragraph immediately preceding the "time, place, and manner" description. (A 283). The notice of claim consistently identifies the injury location as the sidewalk in front of 672 Eastern Parkway.

The District Court adopted Appellees' framing of the "notice of claim location issue" and determined that while there was evidence of a defect "at or between 672-674 Eastern Parkway", while there was no evidence of a defect "at or between 670-672 Eastern Parkway." The District Court then concluded changing the location of the injury from "at or between 670-672 Eastern Parkway" to "at or between 672-674 Eastern Parkway" amounted to a change of the "location of the accident set forth in his Notice of Claim" rendering the notice not sufficiently specific and necessitating summary judgment in favor of Appellees. (A 364-65.)

Preliminarily, the phrasing "at or between 670-672 Eastern Parkway" and "at or between 672-674 Eastern Parkway" does not appear in Appellant's notice of claim. Neither of those locations are locations that Appellant *put in writing* and *swore to* as required by General Municipal Law § 50-e. (A 283). The location that Appellant did *put in writing* and *swear to* was "in front of

17

672 Eastern Parkway." (A 283). Although these two alternative locations *not referenced in Appellant's notice of claim* should not have been the focus of the District Court's analysis, both of those alternative locations are "in front of 672 Eastern Parkway" and fall within the location described in Appellant's notice of claim.

These two alternative locations entered the District Court's analysis not because Appellant alleged either of those locations in his notice of claim, but because the photograph attached to Appellant's notice of claim depicting the broken sidewalk flag "in front of 672 Eastern Parkway" shows only a portion of that broken sidewalk flag and it is the portion broken sidewalk flag closer to 670 Eastern Parkway. (A 288). Based upon that partial photograph, the District Court drew an inference, *favorable to the moving party and unfavorable to the nonmoving party*, that the photograph depicts the entire defect. This inference was not only inappropriate in the summary judgment context, but unwarranted based upon the evidence presented that included Appellant's testimony that he did not know what he tripped over or where in relation to 672 Eastern Parkway he tripped other than it was in front of 672 Eastern Parkway and not in front of 674 or 670 Eastern Parkway. (A 310-11).

The District Court's analysis of the location of injury identified in Appellant's notice of claim should have begun with its consideration of

18

precisely what location of injury Appellant *wrote and swore to* in Appellant's notice of claim. That location was the "sidewalk flag on the sidewalk in front of 672 Eastern Parkway, Brooklyn, NY" and not either phrasing "at or between 670-672 Eastern Parkway" or "at or between 672-674 Eastern Parkway." (A 283). The District Court should have then considered whether that description was sufficient to enable Appellee to identify the place where Appellant was injured. *Brown v City of New York*, 95 NY2d at 393. Obviously, the description was adequate because it enabled Appellees to locate the Big Apple Map reflecting the defect "in front of 672 Eastern Parkway." The description contained within Appellant's notice of claim does not fail for a lack of specificity because it provided Appellees with notice of where precisely "to investigate." *Brown v City of New York*, 95 NY2d at 393. The fact that the attached photographs depict "only a small portion of the sidewalk" and perhaps not even the defective portion of the sidewalk does not render the described location inadequate. *Brown v City of New York*, 95 NY2d at 393-94. The fact that the defect may exist on a portion of the sidewalk not photographed does not amount to changing "the location of the accident set forth in his Notice of Claim", (A 365.), because the location set forth in Appellant's notice of claim was the entire sidewalk "in front of 672 Eastern

19

Parkway" and not merely the portion where Appellee and the District Court *impermissibly inferred* Appellant was injured.

### 2. Disputed issues of material fact exist with respect to whether Appellee had prior written notice of defects to the sidewalk in front of 672 Eastern Parkway Brooklyn, New York.

The District Court erred when it granted Appellant's motion for summary judgment because disputed issues of fact existed as to whether Appellees had written notice of the defective sidewalk in front of 672 Eastern Parkway. The nature of the error, as made by the District Court, was not the District Court's failure to recognize the existence of disputed issues of fact as to whether Appellees had written notice of the defective sidewalk in front of 672 Eastern Parkway and in fact the District Court explicitly recognized the existence of those disputed factual issues in its brief decision.[2] Although the District Court did not rule against Appellant upon this basis, it is necessary to address because this Court will be reviewing the entire motion *de novo*. For all the reasons discussed in the preceding section of this brief, the relevant

---

[2] The District Court found there was evidence of a defect for which Appellees had written notice "in front of 672 Eastern Parkway":

> In opposition, plaintiff has submitted evidence arguably showing that on the "Big Apple Map," see D'Onofrio v. City of New York, 11 N.Y.3d 581, 584, 873 N.Y.S.3d 251 (2008), a defect is reflected at the above-referenced location, and that the Big Apple Map gave the City constructive notice of that defect.

(A 364). The District Court then erroneously mischaracterized the location set forth in Appellant's notice of claim in the manner set forth immediately above as something other than "in front of 672 Eastern Parkway":

> However, as the City points out in reply, a close review of the evidence that plaintiff has submitted shows the potential defect not at or between 670-672 Eastern Parkway, but at or between 672-674 Eastern Parkway . . .

(A 364-65).

location for purposes of this analysis is 672 Eastern Parkway Brooklyn, New York because that is the location Appellant identified in his notice of claim. The locations "at or between 670-672 Eastern Parkway" and "at or between 672-674 Eastern Parkway" have no relevance to this analysis because those are not locations referenced in Appellant's notice of claim. Appellees do not get to alter this location by drawing inferences (favorable to the moving party) from photographs.

New York City's duty of care over municipal streets and sidewalks is limited by New York City, N.Y., Code § 7-201(c), which permits liability for defects in those streets and sidewalks to defects that the city has been previously notified of in writing. *Daniels v City of New York*, 91 AD3d 699, 700 [2d Dept 2012] ("Prior written notice of a defect is a condition precedent which a plaintiff is required to plead and prove to maintain an action against the City.").

> No civil action shall be maintained against the city for damage to property or injury to person or death sustained in consequence of any street, highway, bridge, wharf, culvert, sidewalk or crosswalk, or any part or portion of any of the foregoing including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice, or where there was previous injury to person or property as a result of the existence of the defective, unsafe, dangerous or obstructed condition, and written notice thereof was given to a city agency, or there was written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition, and there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or the place otherwise made

reasonably safe.

New York City, N.Y., Code § 7-201(c)(2).

The prior notice requirement functions to limit the City's liability to defects that the City is made aware of while simultaneously creating an incentive for the City to address those defects once the City has been placed on notice that the defects exist. *Poirier v City of Schenectady*, 85 NY2d 310, 314 [1995] ("This comports with the reality that municipal officials are not aware of every dangerous condition on its streets and public walkways, yet imposes responsibility for repair once the municipality has been served with written notice of an obstruction or other defect, or liability for the consequences of its nonfeasance, as the case may be.").

The prior notice requirement is in derogation of the common law and for that reason *must be strictly construed against the City*. *Laing v City of New York*, 71 NY2d 912, 914 [1988] ("While we recognize that the prior notice provision of the Pothole Law is in derogation of common law and thus that its language must be strictly construed against the City."); *see also Leary v City of Rochester*, 67 NY2d 866, 867 [1986] ("[P]rior notice provisions are to be strictly construed against the city.").

The notice required must be *actual* and the defect that the City was notified of must have been the defect that caused of the injury. *Amabile v City of Buffalo*, 93 NY2d 471, 475-76 [1999] ("We conclude that constructive notice of a defect may

22

not override the statutory requirement of prior written notice of a sidewalk defect."); *D'Onofrio v City of New York*, 11 NY3d 581, 585 [2008] ("The symbol used in *D'Onofrio* was a straight line, indicating "[r]aised or uneven portion of sidewalk." There is no evidence, however, from which the jury could have found that such a defect caused Mr. D'Onofrio's injury.").

A written notice is adequate notice if it brings the issue to the attention of the authorities. *Vasquez v City of New York*, 298 AD2d 187 [1st Dept 2002] ("The notice requirement of Administrative Code of the City of New York § 7–201(c) is construed strictly against the City, and 'a notice is sufficient if it brought the particular condition at issue to the attention of the authorities.'") (Quoting *Weinreb v City of New York*, 193 AD2d 596, 598 [2d Dept 1993]).

Whether the City had adequate notice (1) of a particular defect (2) at a particular location are questions of fact and when conflicting evidence relating to those questions of fact exists, the matter must be resolved by a jury. *Alexander v City of New York*, 59 AD3d 650, 651-52 [2d Dept 2009] ("Where the nature and location of the roadway defect that caused the plaintiff's injuries are disputed, the issue of whether the defendant had prior written notice is for the jury to decide."); *see also Arutyunov v City of New York*, 175 AD3d 1368, 1369 [2d Dept 2019] ("'Where there are factual disputes regarding the precise location of the defect that allegedly caused a plaintiff's fall, and whether the alleged defect is designated on the

23

map, the question should be resolved by the jury.'") (Quoting *Cassuto v City of New York*, 23 AD3d 423, 424 [2d Dept 2005]).

"Big Apple is a corporation established by the New York State Trial Lawyers Association for the purpose of giving notices in compliance with the Pothole Law. It does so through maps on which coded symbols are entered to represent defects. For example, a straight line is used for a raised or uneven portion of a sidewalk, a circle for a hole or hazardous depression, a line with a triangle at each end for an extended section of cracks and holes in a sidewalk, and so forth." *D'Onofrio v City of New York*, 11 NY3d 581, 584 [2008]. The courts of New York have accepted the Big Apple Maps as a form of adequate notice for more than three decades. *Weinreb v City of New York*, 193 AD2d 596, 598 [2d Dept 1993] ("It is well settled that Big Apple maps filed with the New York City Department of Transportation serve as prior written notice to the city of the defective conditions indicated on the maps."). The New York Court of Appeals and the City of New York have recognized employees of "Big Apple" as witnesses who have compelling insights into the creation and interpretation of these Big Apple Maps. *D'Onofrio v City of New York*, 11 NY3d at 585 ("A Big Apple employee, called to testify by the City, acknowledged that Big Apple 'did not notify the city of any raise' in the location where Ms. Shaperonovitch fell.").

Appellant presented the testimony of Genovese, who was a manager for the

24

company that produces Big Apple Maps. (A 330). Genovese testified that he is familiar with the symbols used and that his current position involves creating and interpreting map symbols. (A 330). Genovese was familiar with the Big Apple Map depicting the defects on Eastern Parkway. (A 330). Genovese was familiar with the photographs that became part of the summary judgment record. (A 330).

Genovese observed a symbol on the Big Apple Map beginning in front of 674 Eastern Parkway and extending up in front of 672 Eastern Parkway. (A 331, 335). The map key indicates that symbol is indicative of "raised or uneven portion of sidewalk." (A 336). This "raised or uneven" sidewalk is precisely the defect alleged in Appellant's notice of claim. (A 283).

Genovese opined that "[a] reasonable interpretation of the defect marked on Ex. 1 is to include the entire uneven portion through the sidewalk in front of 672 including the raised portion shown in Ex. 2." (A 331-32). Genovese further opined that "[t]he defects noted on The Big Apple Maps were not marked to precise scale and/or to precise location. When a defect, such as the one displayed here, extends from one property to the adjoining property it is more likely than not that the described and marked defect includes both the circumstances, noting that in this case the line the line indicating the defect extends onto the adjoining property (672 Eastern Parkway)." (A 332).

Based upon the Big Apple Map (A 293-95) and Genovese testimony (A 330-32), the District Court correctly determined that there was at least a dispute of material fact related to whether Appellees had written notice of a defect "in front of 672 Eastern Parkway." This conclusion is supported independent of Genovese's expert testimony by the extension of the defect symbol on the Big Apple Map extending in front of 672 Eastern Parkway, but the addition of Genovese expert testimony amply supports that factual finding. Appellee certainly did not demonstrate the absence of written notice of "raised or uneven" sidewalk defects in front of 672 Eastern Parkway prior to Appellant's injuries.

**CONCLUSION**

Appellant alleged that its claims arose on the sidewalk in front of 672 Eastern Parkway.  When the District Court concluded that Appellant had produced evidence that Appellee had prior written notice of a defect to a portion of the sidewalk in from of 672 Eastern Parkway, the District Court should have denied Appellees' motion for summary judgment.

Dated:       February 28, 2025

Respectfully submitted,

THE STEINER LAW FIRM, PLLC

*/ s / Norman Steiner*

By:  Norman Steiner, Esq.
500 Executive Boulevard, Suite 302
Ossining, New York 10562
(914) 770-1000
norm@thesteinerlawfirm.com
*Attorneys for Plaintiff-Appellant*

27

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned counsel hereby certifies that this brief complies with the type-volume limitation of Rule 32(a)(7)(B).  As measured by Microsoft Word 2013, the word-processing system used to prepare it, this brief contains 6,594 words.

Dated: February 28, 2025

*/ s / Norman Steiner*
_____
NORMAN STEINER
*Attorney for Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that one ( 1) copy of the following:

APPELLANT'S BRIEF AND SPECIAL APPENDIX
AND PLAINTIFF'S APPENDIX

was served upon Appellee's counsel via the Court's ECF System, as indicated, this
___ day of February, 2025, upon the following:

Elizabeth I. Freedman
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
212-356-0836


Date: February _28_, 2025



_/ s / Norman Steiner_
_____
NORMAN STEINER
*Attorney for Appellant*

# SPECIAL APPENDIX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  JACOB LIEDER,                             :
                                     :
                  Plaintiff,     :
                                     :     **MEMORANDUM DECISION AND**
      -against-           :     **ORDER**
                                   :
  LEWIS KAMMAN, BARBARA     :     22-cv-3674 (BMC)
  CENNAMO, THE NEW YORK CITY    :
  DEPARTMENT OF TRANSPORTATION,  :
  and THE NEW YORK CITY DEPARTMENT :
  OF PARKS AND RECREATION,     :
                                   :
                 Defendants.  :
------------------------------------------------------------ X

**COGAN**, District Judge.

      This is a diversity case against the City of New York in which plaintiff's complaint
alleges that he slipped and fell, sustaining injuries, in front of 672 Eastern Parkway, Brooklyn,
New York.  That was consistent with his Notice of Claim (see N.Y. Gen. Mun. Law § 50-e(2)):
plaintiff's photographs and testimony (see id. § 50-h) on that claim indicated that the defect
existed between 670 and 672 Eastern Parkway and the defect ran perpendicular to the adjacent
buildings.  The City has moved for summary judgment, demonstrating conclusively that it
neither caused nor had notice of any sidewalk defect at the location where plaintiff allegedly
slipped and fell.

      In opposition, plaintiff has submitted evidence arguably showing that on the "Big Apple
Map," see D'Onofrio v. City of New York, 11 N.Y.3d 581, 584, 873 N.Y.S.3d 251 (2008), a
defect is reflected at the above-referenced location, and that the Big Apple Map gave the City
constructive notice of that defect.  However, as the City points out in reply, a close review of the

evidence that plaintiff has submitted shows the potential defect not at or between 670-672 Eastern Parkway, but at or between 672-674 Eastern Parkway, thus contradicting both plaintiff's complaint in this action and his Notice of Claim and supporting testimony and photographs at his Gen. Mun. Law § 50-h hearing.

New York law is clear that a plaintiff cannot change the location of the accident set forth in his Notice of Claim, even by a little bit, and that specificity is required to avoid summary judgment.  See, e.g., Leary v. City of Rochester, 67 N.Y.2d 866, 867, 501 N.Y.S.2d 663 (1986); Canelos v. City of New York, 37 A.D.3d 637, 638, 830 N.Y.S.2d 334 (2nd Dep't 2007).

Accordingly, defendant's motion for summary judgment is granted.


**SO ORDERED.**

_Brian M. Cogan_
_____
U.S.D.J.

Dated: Brooklyn, New York
        October 4, 2024

2

SpA.2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JACOB LIEDER,

               Plaintiff,                                  JUDGMENT
           v.                                     22-cv-3674 (BMC)

LEWIS KAMMAN, BARBARA CENNAMO, THE
NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, and THE NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION,

               Defendants.
------------------------------------------------------------ X
      A Memorandum, Decision, and Order of the Honorable Brian M. Cogan, United States

District Judge, having been filed on October 4, 2024, granting defendant's motion for summary

judgment; it is

      ORDERED and ADJUDGED that defendant's motion for summary judgment is granted.

Dated: Brooklyn, NY                            Brenna B. Mahoney
       October 7, 2024                     Clerk of Court

                                        By: */s/Jalitza Poveda*
                                           Deputy Clerk

SpA.3